IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Respondent/Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STEVE EARL PERRY, JR., ) <br> ) <br> Petitioner/Defendant. ) | Case No. CIV-18-353-RAW <br> (CR-16-095-RAW) |

### ORDER

Before the court is the motion of the petitioner pursuant to 28 U.S.C. §2255. Defendant pled guilty to one count of being a felon in possession of a firearm and ammunition. Defendant appealed his sentence, which was affirmed. *See United States v. Perry,* 727 Fed. Appx. 539 (10th Cir.), *cert. denied,* 139 S.Ct. 124 (2018).

To establish ineffective assistance of counsel, a movant must show (1) deficient performance that (2) resulted in prejudice by demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Rubio-Ayala,* 596 Fed.Appx. 594, 596 (10th Cir.2014)(quoting *Strickland v. Washington,* 466 U.S. 668 (1984)).

The *Strickland* standard applies to both effective assistance of trial counsel claims and ineffective assistance of appellate counsel claims. *See Wood v. Carpenter,* 907 F.3d 1279, 1294 (10th Cir.2018). As to the latter, movant must show (1) constitutionally deficient performance, by demonstrating that appellate counsel's conduct was objectively unreasonable, and (2) resulting prejudice, by demonstrating a reasonable probability that, but

for counsel's unprofessional errors, the result of the appeal would have been different. *United States v. Turrentine,* 638 Fed.Appx. 704, 705 (10th Cir.2016). A court may address the performance and prejudice prongs in any order, but need not address both if movant fails to make a sufficient showing of one. *United States v. Hall,* 620 Fed.Appx. 681 (10th Cir.2015)(quoting *Cooks v. Ward,* 165 F.3d 1283, 1292-93 (10th Cir.1998)).

Deficient performance means that counsel's representation fell below an objective standard of reasonableness. *Strickland,* 466 U.S. at 688. When evaluating defense counsel's performance, the court must "indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone,* 535 U.S. 685, 702 (2002)(citing *Strickland,* 466 U.S. at 689).

Movant's first ground for relief is that appellate counsel was ineffective for failing to raise on appeal this court's granting of the government's motion to withdraw a one-point reduction under §3E1.1(b) of the Guidelines. The government had filed a motion for one-point reduction prior to sentencing (#42 in 16-cr-95). At sentencing, however, the government sought to withdraw the motion based on defendant's possession of marijuana while in the county jail awaiting sentencing. The court permitted withdrawal, noting that it was completely within the government's discretion to file such a motion. (#58 at 57 ll. 9-17, in 16-cr-95). This court finds that, should the decision have been made an issue in defendant's direct appeal, this court would have been affirmed. *See United States v.*

*Naramor,* 762 F.3d 1160, 1166-68 (10th Cir.2013)(withdrawal was not motivated by an unconstitutional purpose and was rationally related to legitimate government ends). Because the court finds the substantive ruling was correct, there was no deficient attorney performance or prejudice under *Strickland*.

Movant's second ground is that appellate counsel was ineffective by conceding a material issue without consulting movant. The issue raised below was whether 21 O.S. §540A [eluding a police officer] could be considered a misdemeanor and an improper basis for enhancement. Subsection (A) of the statute sets forth a misdemeanor violation and subsection (B) [violating subsection A "in such manner as to endanger any other person" ] describes a felony violation. In the movant's appeal brief, appellate counsel stated: "On appeal, Mr. Perry does not challenge the district court's finding that a felony violation of §540A occurred." 2017 WL 5256737, *10. Counsel also gave its reasoning, i.e., that the pursuing officer testified that Mr. Perry's vehicle nearly struck a truck that was being driven on the road, and therefore the court's finding was based on a credibility determination virtually unreviewable on appeal. *Id.* Accordingly, the court need not pursue the factual issue of consultation. Raising the misdemeanor/felony issue on appeal would not have been successful. Thus, there is no "reasonable probability" that the result of the appeal would have been different.

Next, movant contends that both his trial and appellate counsel were ineffective for failing to protect movant's presumption of innocence. He argues that he had not been found

3

guilty of the felony of eluding a police officer and thus could not be punished for that conduct. This argument is not illogical, but it is contrary to the Guidelines. *See United States v. Gambino-Zavala,* 539 F.3d 1221, 1230 n.3 (10th Cir.2008)(sentence may be enhanced even on the basis of uncharged or even acquitted conduct); *United States v. Rodriguez-Felix,* 450 F.3d 1117, 1131 (10th Cir.2006)(burden of proof for sentencing enhancement is preponderance of the evidence). *See also* Application Note 14(C) to §2K2.1 ("regardless of whether a criminal charge was brought, or a conviction obtained."). Counsel was not ineffective for failing to raise a meritless issue.

Finally, movant contends his trial and appellate counsel were ineffective for failing to challenge §2K1.1(b)(6)(B) as unconstitutional. Movant essentially makes the same arguments as he made regarding his third ground for relief. Although a district court decision, *United States v. James,* 2017 WL 3267704, *3 (D.Minn.2017) addresses and rejects these arguments in a persuasive manner. In his reply (#10), movant also cites *Nelson v. Colorado,* 137 S.Ct. 1249 (2017), which dealt with deprivation of a defendant's property after a conviction had been reversed or vacated. In the court's view, this decision is inapposite. Again, this court is not persuaded that ineffective assistance has been demonstrated.

The court has found that movant's claims for ineffective assistance of counsel are foreclosed by the record. Therefore, an evidentiary hearing is not warranted. *See United States v. Patterson,* 525 Fed.Appx. 681 n.1 (10th Cir.2013).

It is the order of the court that the petition pursuant to 28 U.S.C. §2255 is hereby denied. Pursuant to Rule 11(a) of the Rules Governing §2255 Cases, the court denies petitioner a certificate of appealability.

**ORDERED THIS 26th DAY OF JANUARY, 2021.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**